

JKG

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Brendon Bondach<br>403 Saint Bernardine Street<br>Reading, PA 19607<br>    Plaintiff, | |
| v. | No. 10 -2032 |
| Reading Police Department<br>815 Washington Street<br>Reading, PA 19607 | |
| And | |
| Joshua T. Faust,<br>Individually and in his official capacity<br>as a police officer for<br>City of Reading<br>815 Washington Street<br>Reading, PA 19607 | JURY OF TWELVE (12) JURORS DEMANDED |
| And | |
| Jorge A. Gonzalez<br>Individually and in his official capacity<br>as a police officer for the City of Reading<br>815 Washington Street<br>Reading, PA 19607 | FILED<br>MAY 04 2010<br>MICHAEL E. KUNZ, Clerk<br>By_____ Dep. Clerk |
| And | |
| William M. Heim<br>Individually and in his office capacity as the<br>Chief of Police for the City of Reading<br>815 Washington Street<br>Reading, PA 19607 | |
| And | |
| City of Reading<br>815 Washington Street<br>Reading, PA 19607 | |
| And | |

John Does, 1-10          :
           Defendants.   :

## CIVIL ACTION COMPLAINT

### I. Preliminary Statement

1. This is an action for an award of attorney's fees and costs, compensatory, statutory, and punitive damages, also seeking equitable, injunctive and other relief, for Defendant's Civil Rights violations arising from Plaintiff's arrest, detention, and suffering from Defendants' excessive force.

2. Individually, jointly or severally, Defendants are liable to Plaintiff for, but not limited to, the below causes of action and aforesaid remedies, for the reasons stated, which reasons are averred upon information and belief, or will become known in discovery or at trial.

3. Plaintiff reserves the right to rely on the "Discovery Rule" and the Doctrine(s) of Equitable Tolling/Fraudulent Concealment, respectively.

### II. Jurisdiction and Venue

4. Jurisdiction in this Honorable Court is based on federal question conferred by 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

5. Venue lies in this District in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, is incorporated or does business here, or the subject of this action is situated within this district.

### III. Parties

6. Plaintiff, Michael "Brendon" Bondach ("Bondach"), is an adult individual and citizen currently residing at the above-captioned address.

7. Defendant, City of Reading ("City"), is a municipal agency, registered to transact business in the Commonwealth of Pennsylvania, with agents authorized to receive service of process at the above-listed address, and owns, operates, manages, directs and controls the Reading Police Department, which employs Defendants, Faust and Gonzalez, at all times material having acted under color of state law.

8. Defendant, Joshua T. Faust ("Faust"), at all times material was a police officer with the Reading Police Department and was an officer responsible for the arrest relevant to this matter, believed a citizen of the Commonwealth of Pennsylvania, and was operating in his official capacity as an employee, worker, or agent of co-Defendant at the above-captioned address, and he is being sued individually and in his official capacity, having acted under color of state law.

9. Defendant, Jorge Gonzalez ("Gonzalez"), is a was at all times material hereto a police officer with the Reading Police Department and was the primary officer responsible for the arrest relevant to this matter, believed a citizen of the Commonwealth of Pennsylvania, and was operating in his official capacity as an employee, worker, or agent of co-Defendant at the above-captioned address, and he is being sued individually and in his official capacity, having acted under color of state law.

10. Defendant, Reading Police Department ("Department"), is a municipal agency, registered to transact business in the Commonwealth of Pennsylvania, with agents authorized to receive service of process at the above-listed address, and owns, operates, manages, directs and controls the Reading Police Department, which employs Defendants, Faust and Gonzalez, at all times material having acted under color of state law.

11. Defendants, John Does 1-10 are individuals or entities affiliated with, associated with, doing business as, employed by, servants of or workers of Defendants, and have liability and responsibility hereunder.

### IV.　Operative Facts

12. On or about November 27, 2008, Plaintiff was lawfully upon his premises of 403 Saint Bernardine Street, Berks County, Pennsylvania.

13. On the above date, Plaintiff had friends, Meghan Koch and Darryl Sajak over for dinner.

14. Koch was drinking and passed out on the Plaintiff's couch. Plaintiff was not drinking and his BAC was ultimately recorded that night at 0.0.

15. Plaintiff and Sajak continued talking and hanging out at the premises.

16. Koch woke up and began checking Plaintiff's cell phone for recent calls and contacts.

17. Koch discovered that Plaintiff had been speaking with another female after reviewing his cell phone contacts and recent calls and text messages.

18. Koch, in her drunken state became verbally abusive and angry with the Plaintiff and began screaming at him.

19. Plaintiff attempted to calm Koch down to no avail.

20. Being unable to calm Koch, Plaintiff telephoned Koch's parents, Betsy and Charles Koch, to come to the premises and take Koch home.

21. At that point, Koch ran across the room and struck Plaintiff in the face.

22. Koch's parents arrived at the house and attempted to calm Koch down to take her home.

23. After being unable to calm Koch down, her parents telephoned Defendant, Police Department.

24. After receiving no response to their initial telephone call, Koch's parents telephoned again.

25. After their second telephone call, Koch calmed down and left the premises with her parents.

26. After Koch and her parents left the premises, individual Defendants arrived at Plaintiff's home.

27. Individual Defendants asked Plaintiff where Koch was, and Plaintiff said that he did not know and that she had left with her parents.

28. Plaintiff was sober and lucid.

29. Plaintiff answered individual Defendants' questions.

30. After answering individual Defendants' questions, Plaintiff went back inside his home.

31. Individual Defendants pursued Plaintiff back inside his home and tackled him.

32. Plaintiff was kicked in the face by individual Defendants and tasered, causing Plaintiff to sustain serious and/or permanent injuries.

33. Plaintiff was then arrested, handcuffed and transported, via cruiser, to the Berks County Courthouse, where he was placed under the supervision of the Berks County Sheriff's Office.

34. Plaintiff was charged with aggravated assault arising out of the incident which was dismissed at the preliminary hearing by the Honorable Michael Leonardziak, M.D.J.

### Damages

35. As a direct and proximate result of the aforesaid conduct of Defendants, their agents, servants, workmen and employees, Plaintiff suffered great pain and agony, humiliation, embarrassment and emotional distress and may continue to suffer same for an indefinite period of time, perhaps permanently.

36. As a further result of the aforesaid conduct of Defendants, their agents, servants, workmen and employees, Plaintiff has been and may in the future be disabled and unable to pursue his usual occupations, activities and pleasures of daily living and has or may have suffered a loss and depreciation of his earning power and earning capacity which may be permanent.

37. As a further result of the aforesaid conduct of Defendants, Plaintiff has incurred and may hereafter incur other financial expenses including, but not limited to, costs for medical care and medical attention, which she is entitled to recover.

38. The actions of Defendants deprived Plaintiff of his rights, *inter alia*, guaranteed under the Fourth and Fourteenth Amendments of the United States Constitution; 42 U.S.C. §§ 1983 and 1988; and the laws of the Commonwealth of Pennsylvania.

## COUNT 1
## CIVIL RIGHTS VIOLATION- 4th & 14th Amendments
*Plaintiff v. Individual Defendans, in their individual capacities*

39. Plaintiff hereby incorporates paragraphs 1-38 above as if fully set forth at length herein.

40. At the time of Defendants' arrest and detention, Plaintiff had not committed any infraction to legally justify the force.

41. Defendants actions stated above, *inter alia*, were committed under color of state law and were violations of Plaintiff's clearly establish and well settled Constitutional and other legal rights.

42. Defendants caused Plaintiff to suffer excessive force, false arrest, wrongful imprisonment, and malicious prosecution, by their wrongful conduct all in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

43. As a result, Plaintiff suffered and continues to suffer harm, including financial (wage

loss, attorneys fees, and loss of earning capacity) and emotional distress, *inter alia*, in violation of his rights under the laws and Constitution of the United States of America, in particular the Fourth and Fourteenth Amendments thereto, and Title 42 U.S.C. §§ 1983 and 1988, et seq.

## COUNT II
## CIVIL RIGHTS VIOLATION-MONELL
*Plaintiff v. Defendants*

44. Plaintiff hereby incorporates paragraphs 1-43 above as if fully set forth at length herein.

45. Prior to the events described herein, Defendants developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional right of persons within the geographic and jurisdictional limits of Berks County and City of Reading which caused violations of Plaintiff's constitutional and other rights.

46. Specifically, Defendants' failed to adequately and properly supervise and train in various aspects of law enforcement, criminal prosecution procedure and substance, including, but not limited to, the proper use of force investigation, and arrest, and the laws of the United States, Commonwealth of Pennsylvania, and otherwise.

47. The above described acts or omissions by Defendants, demonstrated a deliberate indifference to the rights of citizens of Berks County and City of Reading, such as Plaintiff, and were the cause of the violations of Plaintiff's rights as set forth herein.

### VI. Prayer for Relief

**WHEREFORE**, Plaintiff requests this Honorable Court enter judgment in his favor and against Defendants, individually, jointly and severally, in an amount in excess of $75,000.00, plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

a. Injunctive relief including but not limited to monitoring and education;
b. Statutory damages;
c. Compensatory damages, including; and
   i. Actual damages for financial injury (including but not limited to wage loss and loss of earning capacity, and medical expenses, pain and suffering and emotional distress;
   ii. Attorneys fees and expenses, and costs of suit; and
d. Punitive damages.

WEISBERG LAW, P.C.


/s/ Matthew B. Weisberg
MATTHEW B. WEISBERG
GRAHAM F. BAIRD
Attorneys for Plaintiff