IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRENDON BONDACH, | : | |
| | : | CIVIL ACTION |
| Plaintiff/Counterclaim Defendant, | : | NO. 10-CV-2032 |
| | : | |
| v. | : | |
| | : | |
| READING POLICE DEPARTMENT, | : | |
| JOSHUA T. FAUST, | : | |
| JORGE A. GONZALEZ, | : | |
| WILLIAM HEIM, | : | (Electronically Filed) |
| CITY OF READING and | : | |
| JOHN DOES, 1-10, | : | |
| | : | |
| Defendants/Counterclaim Plaintiffs. | : | JURY TRIAL DEMANDED |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS
CITY OF READING, WILLIAM HEIM, JOSHUA T. FAUST,
AND JORGE GONZALEZ AND COUNTERCLAIM OF
<u>JOSHUA T. FAUST AGAINST MICHAEL BRENDAN BONDOCH</u>[1]**

Defendants City of Reading, Chief of Police William Heim, and Officers Joshua T. Faust and Jorge A. Gonzalez (hereinafter "Defendants"), by and through their attorneys, Lamb McErlane, PC, hereby answer Plaintiff's Complaint as follows, denying each and every averment except as expressly admitted below:

**<u>Preliminary Statement</u>**

1. Paragraph 1 of the Complaint is a statement of Plaintiff's claims and does not require a response. To the extent a response is deemed required, Defendants deny that Plaintiff's civil rights were violated by Defendants or any Reading Police Officer.

2. Denied.

---

[1] Upon information and belief, Plaintiff/Counterclaim Defendant's legal name is "Michael Brendan Bondoch," not "Brendon Bondach" as identified in the Complaint.

3. Paragraph 3 of the Complaint is a statement of Plaintiff's claims and does not require a response. To the extent a response is deemed required, Defendants deny that either the "Discovery Rule" or the Doctrine(s) of Equitable Tolling/Fraudulent Concealment apply to the present case.

### Jurisdiction and Venue

4. Defendants admit that this Court has jurisdiction over the present matter.

5. Defendants admit that venue is proper.

### Parties

6. Admitted, upon information and belief

7. Denied as stated. On the contrary, the City of Reading is a city of the third class in the Commonwealth of Pennsylvania, with a principal place of business located at 815 Washington Street, Reading, PA. Defendant Officers Faust and Gonzalez are employed by the City of Reading, not the Reading Police Department. The Reading Police Department is the law enforcement arm of the City of Reading. Defendants deny the remaining averments contained in Paragraph 7.

8. Admitted in part, denied in part. Defendants admit only that, at all times material hereto, Joshua T. Faust was employed by the City of Reading as a police officer. Defendants deny the remaining averments contained in Paragraph 8.

9. Admitted in part, denied in part. Defendants admit only that, at all times material hereto, Jorge Gonzalez was employed by the City of Reading as a police officer. Defendants deny the remaining averments contained in Paragraph 9.

10. Denied. On the contrary, Defendant Officers Faust and Gonzalez are employed by the City of Reading, not the Reading Police Department. The Reading Police Department is

the law enforcement arm of the City of Reading.  Defendants deny the remaining averments contained in Paragraph 10.  By way of further answer, by Stipulation of Voluntary Dismissal approved and entered by the Court on June 10, 2010, Plaintiff voluntarily dismissed all claims against the Reading Police Department.  *See* Doc. No. 11.  Accordingly, the Reading Police Department is no longer a party to this action.

    11.    Denied.

## Operative Facts

    12.    Denied.

    13.    Denied.

    14.    Denied.

    15.    Denied.

    16.    Denied.

    17.    Denied.

    18.    Denied.

    19.    Denied.

    20.    Denied.

    21.    Denied.

    22.    Denied.

    23.    Admitted in part, denied in part.  Defendants admit only that one of Ms. Koch's parents called Reading Police and reported that Ms. Koch was involved in a domestic dispute with her boyfriend (Plaintiff).  Defendants deny the remaining averments contained in Paragraph 23 of the Complaint.

    24.    Denied.

25. Denied.

26. Admitted. By way of further answer, after the underlying incident was resolved, Defendant Officers Faust and Gonzalez discovered that Ms. Koch and her parents were no longer on the premises.

27. Admitted in part, denied in part. Defendants admit only that the Officers advised Plaintiff that they were called to the residence for a domestic dispute and that they needed to make sure the female victim was unhurt and not in danger. Defendants deny the remaining averments contained in Paragraph 27 of the Complaint.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Admitted in part, denied in part. Defendants admit only that, after Plaintiff: (1) refused to answer the Officers questions regarding the wellbeing of the reported victim of a domestic dispute; (2) attempted to slam a door shut on Officer Faust; (3) pushed Officer Faust and began punching at him; and (4) violently resisted the Officers' attempt to arrest him, other Reading Police Officers arrived on scene and Plaintiff was tasered to overcome his violent resistance. Defendants deny the remaining averments contained in Paragraph 32 of the Complaint.

33. Admitted in part, denied in part. Defendants admit only that, after the Officers were able to overcome Plaintiff's resistance, Plaintiff was arrested. Defendants deny the remaining averments contained in Paragraph 33 of the Complaint.

34. Admitted in part, denied in part. Defendants admit only that Plaintiff was charged with aggravated assault (three (3) counts), as well as resisting arrest, simple assault, and

harassment. Defendants deny the remaining averments contained in Paragraph 34 of the Complaint. On the contrary, all of the charges, with the exception of two (2) counts of aggravated assault, were bound over for trial, and Plaintiff pleaded guilty to simple assault as part of a plea agreement that resulted in the dismissal of the remaining charges.

### **Damages**

35. Denied.

36. Denied.

37. Denied.

38. Denied.

### **COUNT I**

39. Defendants incorporate by reference their answers to Paragraphs 1 through 38, inclusive, of Plaintiff's Complaint, as if fully set forth at length.

40. Denied.

41. Denied.

42. Denied. By way of further answer, pursuant to the Stipulation of Voluntary Dismissal approved and entered by the Court on June 10, 2010, and in light of his guilty plea to the charge of simple assault, Plaintiff voluntarily dismissed his claims of false arrest, wrongful imprisonment, and malicious prosecution, as well as all claims brought under the Fourteenth Amendment. *See* Doc. No. 11.

43. Denied.

### **COUNT II**

44. Defendants incorporate by reference their answers to Paragraphs 1 through 43, inclusive, of Plaintiff's Complaint, as if fully set forth at length.

45. Denied.

46. Denied.

47. Denied.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, and attorneys' fees under, inter alia, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

## AFFIRMATIVE DEFENSES

Defendants reserve the right to assert any and all applicable defenses to Plaintiff's claims. Defendants have not yet obtained discovery from Plaintiff or from third parties in connection with this action, and Defendants reserve the right to amend or otherwise supplement this pleading on that basis. Without limiting the generality of the foregoing and without regard to whether the defenses set forth below are affirmative defenses within the meaning of Fed. R. Civ. P. 8(c), and without conceding that any such defense must be set forth in their Answer, Defendants state as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth a claim, in whole or in part, upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

At all times material hereto, Plaintiff was afforded all of the rights, privileges and immunities granted pursuant to the Constitution and laws of the United States and the Commonwealth of Pennsylvania.

## THIRD AFFIRMATIVE DEFENSE

At no time material hereto did Officer Faust or Officer Gonzalez act in bad faith or in a willful, wanton, outrageous, reckless and/or malicious manner.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff suffered no injury or damages as a result of any unlawful acts or omissions by Officer Faust or Officer Gonzalez.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of harm by his own conduct.

### SIXTH AFFIRMATIVE DEFENSE

Any injury or damage sustained by Plaintiff was a direct and proximate result of Plaintiff's conduct.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, or otherwise subject to reduction by the doctrines of *res judicata* and/or collateral estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Pennsylvania Political Subdivision Tort Claims Act 42 Pa. C.S.A. § 8501 et seq.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, or otherwise subject to reduction by reason of Plaintiff's contributory negligence.

### TENTH AFFIRMATIVE DEFENSE

At all times material hereto, the actions of Officer Faust or Officer Gonzalez were appropriate under the circumstances and based upon a reasonable good-faith belief that they were justified under the law.

### ELEVENTH AFFIRMATIVE DEFENSE

At all times material hereto, the actions of Officer Faust or Officer Gonzalez were

justified under the circumstances, and Officer Faust or Officer Gonzalez at all times material hereto acted based upon a reasonable good-faith belief that Plaintiff was involved in criminal activity and/or intended to cause them bodily harm.

### TWELFTH AFFIRMATIVE DEFENSE

At all times material hereto, Officer Faust or Officer Gonzalez used only that amount of force that was reasonable and necessary under the circumstances, and such force was justified under applicable state and federal law.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are limited and/or barred by the applicable state constitution, by the Fourteenth, Fifth and Eighth Amendments to the United States Constitution and by the laws of the United States and the Commonwealth of Pennsylvania.

### FOURTEENTH AFFIRMATIVE DEFENSE

Merely negligent or careless conduct on the part of a police officer is insufficient to maintain a cause of action pursuant to 42 U.S.C. § 1983.

### FIFTEENTH AFFIRMATIVE DEFENSE

No act or failure to act on the part of Officer Faust or Officer Gonzalez or any other Reading Police Officer violated Plaintiff's constitutional rights.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from all or part of the claims set forth in Plaintiff's Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

At no time material hereto did the City of Reading or its Police Department adopt or permit, either formally or informally, a policy, custom or practice which tolerated or permitted the violation of the civil rights of any individual, including Plaintiff.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

At all times material hereto, the policies and procedures of the City of Reading and its Police Department have been reasonable and appropriate and have insured the protection of all rights, privileges and immunities of the public, including Plaintiff.

**NINETEENTH AFFIRMATIVE DEFENSE**

At all times material hereto, the procedures of the City of Reading and its Police Department for training, evaluating and, when necessary, disciplining police officers have been reasonable and appropriate and have insured the protection of all rights, privileges and immunity of the public, including Plaintiff.

WHEREFORE, Defendants respectfully requests that the Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, and attorneys' fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

**COUNTERCLAIM OF JOSHUA T. FAUST
AGAINST MICHAEL BRENDAN BONDOCH**

**Assault and Battery**

1.  This counterclaim is brought pursuant to Rule 13(a) (Compulsory Counterclaims), as it arises out of the same transaction or occurrence giving rise to Plaintiff/Counterclaim Defendant Michael Brendan Bondoch's claims.

2.  Counterclaim Plaintiff Joshua T. Faust, a resident of the Commonwealth of Pennsylvania, is employed as a Police Officer by the City of Reading and has a business address of 815 Washington Street, Reading, Pennsylvania.

3.  Counterclaim Defendant Michael Brendan Bondoch ("Bondoch") is a resident of the Commonwealth of Pennsylvania with a home address listed as 403 Saint Bernadine Street, Reading, Pennsylvania.

4.      This counterclaim, brought under the laws of the Commonwealth of Pennsylvania, is addressed to the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a).

5.      On November 27, 2008, Officer Faust was dispatched to Bondoch's residence in response to a reported domestic dispute.

6.      Upon arrival at Bondoch's residence, Officer Faust encountered Bondoch, who was immediately hostile towards Officer Faust, refused to answer any of Officer Faust's questions, and attempted to close the front door of the residence on Officer Faust.

7.      Officer Faust blocked the door from closing with his foot and informed Bondoch that he needed to make certain that the reported domestic violence victim was unharmed, and Bondoch responded by attacking Officer Faust.

8.      Specifically, Bondoch attacked Officer Faust by grabbing, shoving, and punching him.

9.      Bondoch then violently resisted efforts by Officer Faust and fellow Officer Jorge Gonzalez to place him under arrest.

10.     Bondoch's physical abuse was completely unprovoked and without justification.

11.     As a direct result of Bondoch's unprovoked and unjustified assault and battery on him, Officer Faust suffered injuries to his forehead and right hand, for which he sought and received medical treatment.

12.     Plaintiff/Counterclaim Defendant Bondoch is directly responsible for the injuries caused to Officer Faust.

13.     On June 2, 2009, Plaintiff pleaded guilty to simple assault upon Officer Faust during the underlying incident at issue.

14. The acts and conduct herein alleged constitute assault and battery under the laws of the Commonwealth of Pennsylvania.

WHEREFORE, Counterclaim Plaintiff Joshua T. Faust demands judgment against Counterclaim Defendant Brendan Bondoch in an amount in excess of $75,000, for attorneys' fees and costs, and further relief as the Court may deem just and proper.

LAMB MCERLANE, PC

Dated: July 16, 2010

/s/ Janelle E. Fulton
David J. MacMain (Pa. I.D. No. 59320)
Janelle E. Fulton (Pa. I.D. No. 80027)
24 East Market Street – Box 565
West Chester, PA  19381-0565
(610) 701-3262
*Attorneys for Defendants*
*Reading Police Department, Joshua T. Faust,*
*Jorge A. Gonzalez, William Heim and*
*the City of Reading*

## **CERTIFICATE OF SERVICE**

I, Janelle E. Fulton, hereby certify that on this 16th day of July 2010, I caused the foregoing Answer with Affirmative Defenses and Counterclaim of Joshua T. Faust to be served upon the following via the ECF system of the United States District Court for the Eastern District of Pennsylvania:

> Matthew W. Weisberg, Esquire
> Weisberg Law PC
> 7 South Morton Avenue
> Morton, PA  19070
> mweisberg@ppwlaw.com
> *Attorney for Plaintiff*

This *Certificate of Service* and the said filing are intended to be available for viewing and downloading from the ECF system of the United States District Court for the Eastern District of Pennsylvania.


/s/ Janelle E. Fulton
Janelle E. Fulton