IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRENDON BONDACH,[1] | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | NO. 10-2032 |
| | : | |
| JOSHUA T. FAUST, JORGE A. GONZALEZ, WILLIAM M. HEIM, CITY OF READING and JOHN DOES, 1-10, | : | |
| Defendants. | : | |

Perkin, M.J.                                                                                                       August   30   , 2011

## MEMORANDUM

Presently before the Court is the Motion in Limine of Plaintiff, Brendon Bondach, to Preclude Defense Expert Testimony (Dkt. No. 46), filed on August 1, 2011, and Defendants' Response in Opposition to Plaintiff's Motion (Dkt. No. 48), filed on August 11, 2011.  For the reasons that follow, the Motion is denied.

**I.     STANDARD OF REVIEW.**

An in limine motion "is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions."  Sweitzer v. Oxmaster, Inc., No. CIV.A. 09-5606, 2011 WL 721907, *1 (E.D. Pa. Mar. 2, 2011)(quoting Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir.1990) (citation omitted)).

Federal Rule of Evidence 702 provides: "If scientific, technical, or other

---

[1]     Counsel for Defendants/Counterclaim Plaintiff noted in Officer Joshua T. Faust's Motion for Partial Summary Judgment (Document No. 42) that Plaintiff/Counterclaim Defendant's legal name is Michael Brendan Bondoch, not Brendon Bondach, as stated in the Complaint.  Mot. Partial Summ. J., p. 1.  The Court anticipates that Plaintiff's counsel will move to amend the caption of the Complaint to correct this misidentification of Plaintiff.  Until the caption is amended, we will utilize the Plaintiff's misspelling.

specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." F.R.E. 702.  The trial judge should act as a gatekeeper to make sure that all expert testimony or evidence is both relevant and reliable.  Clark v. Shonk, No. 4:CV-01-200, 2002 WL 34371511, at *1  (M.D. Pa. Feb. 6, 2002)(citing Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and Kannankeril v. Terminix Int'l Inc., 128 F.3d 802, 806 (3d Cir.1997) (citation omitted)).  The Daubert gatekeeping function applies to all expert testimony.  Id. (citing Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)).  "Rule 702 has three major requirements: (1) the proffered witness must be an expert ('qualifications'); (2) the expert must testify about matters requiring scientific, technical, or specialized knowledge ('reliability'); and (3) the expert's testimony must assist the trier of fact ('fit').  Id. (citing Kannankeril, 128 F.3d at 806 (citing In re Paoli R.R. Yard PCB Litigation, 35 F.3d 717, 741-42 (3d Cir.1994)) and United States v. Mathis, No. 99-5940, 2001 WL 995170, at *11 (3d Cir. Aug. 30, 2001)(citing Elcock v. Kmart Corp., 233 F.3d 734, 741 (3d Cir.2000))).

    Although "Rule 702 focuses on an expert's methodology, Rule 703 focuses on the data underlying the expert's opinion."  Id. (citing Paoli, 35 F.3d at 747).  Federal Rule of Evidence 703 provides, in part, the following:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing.  If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted. . . .

F.R.E. 703. In determining whether Rule 703 reliability should be decided by the court or by experts in the relevant discipline, the Third Circuit instructs that:

> [I]t is the judge who makes the determination of reasonable reliance, and that for the judge to make the factual determination under Rule 104(a) that an expert is basing his or her opinion on a type of data reasonably relied upon by experts, the judge must conduct an independent evaluation into reasonableness. The judge can of course take into account the particular expert's opinion that experts reasonably rely on that type of data, as well as the opinions of other experts as to its reliability, but the judge can also take into account other factors he or she deems relevant.

Clark, 2002 WL 34371511, at *1 (quoting Paoli, 35 F.3d at 748.) "[T]he standard is equivalent to Rule 702's reliability requirement-there must be good grounds on which to find the data reliable." Id. at *2 (quoting id.) "If the underlying data are so lacking in probative force and reliability that no reasonable expert could base an opinion on them, an opinion which rests entirely upon them must be excluded." Id. (quoting id. (quoting In re "Agent Orange" Prod. Liab. Litig., 611 F.Supp. 1223, 1245 (E.D.N.Y.1985))).

## II.     DISCUSSION.

Counsel for Plaintiff moves to preclude the expert testimony of Dr. Stephen Mechanick. Dr. Mechanick is a psychiatrist who examined Plaintiff, reviewed his medical records and rendered an opinion in response to Plaintiff's claim that he suffered emotional damages as a result of a struggle with Defendant police officers at Mr. Bondoch's residence on November 27, 2008. Plaintiff argues that Dr. Mechanick's proposed expert testimony does not meet the reliability requirements of Federal Rules of Evidence 702 and 703 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Plaintiff specifically argues:

> At no time does Dr. Mechanick identify any accepted scientific methodology that he used, merely, all Mechanick does is cite

> purported confliction [sic] portions of the record and makes speculative conclusions concerning: whether Bondach was drinking on the night of the incident; whether Bondach's sister, Bernadette, is credible; whether Bondach is credible; whether Bondach actually incited the beating meted out by Faust and Gonzalez; and whether the police officer Defendants did anything to justify imposition of liability under 42 U.S.C. § 1983.
> 
>  Mechanik's "methodology" is both personal and idiosyncratic, with obvious scientific flaws.  His opinions are nothing more than the *ipse dixit* of a purported expert, and are not scientifically valid or reliable.  He simply selects certain portions of the record to fit his ultimate non-scientific conclusions.
>
> . . . .
>
>  Because Dr. Mechanick failed to apply a reliable methodology, his testimony should be excluded.  Mitchell, 165 F.3d, at 782 (quoting Paoli, 35 F.3d, at 745).  Dr. Mechanick was very selective in the evidence he chose to rely upon within his report.  Miller, 356 F.3d, at 1331 (excluding expert where a court-appointed independent expert stated that the proffered expert's selective reliance on pre-selected evidence from interested parties was not generally accepted methodology).

Mot., pp. 9-10.  Defendants respond to Plaintiff's Motion by stating that Dr. Mechanick will testify consistent with his opinions that: (1) Plaintiff does not suffer from Post Traumatic Stress Disorder; (2) Plaintiff does not have any emotional problems caused by this incident; and (3) Plaintiff does have emotional and psychiatric problems which pre-date and were not caused by this incident.  Resp., p. 2.  According to the Defendants, Dr. Mechanick has the qualifications to render an expert opinion, he used proper methodology to arrive at his opinion, and his testimony is relevant to Plaintiff's demand for damages.

 Plaintiff does not request a Daubert hearing, and based upon a review of Dr. Mechanick's report, it does not appear that such a hearing is necessary in this case.  Daubert requires that, when faced with the proffer of expert testimony, a trial judge determine "whether

the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." Daubert, 509 U.S. at 592.  In Walker v. Gordon, 46 F. App'x. 691, 695 (3d Cir. 2002), the Third Circuit Court of Appeals set forth the role of this Court in performing its gatekeeping function, and, in particular, in deciding whether an expert's report meets the reliability factor of a Daubert and Rule 702 analysis.  The Court advised that this Court is not to weigh the evidence relied upon or determine whether it agrees with the conclusions reached therein.  To the contrary, our role "is simply to evaluate whether the *methodology* utilized by the expert is reliable, i.e., whether, when correctly employed, that methodology leads to testimony helpful to the trier in fact."  Id. (citing Daubert, 509 U.S. at 591-93 (noting that the testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue" and that the trial court's determination "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue")).  Moreover, "[d]eterminations regarding the weight to be accorded, and the sufficiency of, the evidence relied upon by the proffered expert, are within the sole province of the jury."  Id. (Cf. Breidor v. Sears, Roebuck and Co., 722 F.2d 1134, 1138-39 (3d Cir.1983) ("Where there is a logical basis for an expert's opinion testimony, the credibility and weight of that testimony is to be determined by the jury, not the trial judge.")).

       In this case, Dr. Mechanick bases his conclusions on a review of Plaintiff's medical and psychiatric records.  He examined eighteen documents related to this matter and spent one hour and fifteen minutes evaluating Plaintiff in a one-on-one setting in his office.  He then prepared a report detailing his opinions and findings based on his interview with Plaintiff,

5

the records, and his training, education and experience.  See In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 762 (3d Cir. 1994) (concluding that either review of a patient's medical records or a personal examination provides a sufficient reliable source of information to support medical conclusions regarding a patient's status).  Pursuant to F.R.E. 702, Dr. Mechanick is an expert, he will testify about matters requiring scientific, technical, or specialized knowledge in psychiatry and his testimony will assist the jury as the trier of fact.  It appears to this Court that Plaintiff's true objection to Dr. Mechanick's report and testimony is made pursuant to Rule 703 predicated on disagreement with the disputed evidence relied upon by the expert, and on the assertion that conclusions derived from such evidence are unreliable.  Pursuant to F.R.E. 703, there must be good grounds on which to find the data used by Dr. Mechanick reliable.  Despite Plaintiff's objections, "[a]n expert is, nonetheless, permitted to base his opinion on a particular version of disputed facts and the weight to be afforded that opinion is for the jury. . . It is also . . . a proper subject for cross-examination."  Walker, 46 F. App'x. at 696 (citing Stecyk v. Bell Helicopter Textron, Inc., 295 F.3d 408, 414 (3d Cir. 2002)("Rule 705, together with Rule 703, places the burden of exploring the facts and assumptions underlying the testimony of an expert witness on opposing counsel during cross-examination.")).  A review of Dr. Mechanick's report does not show that the underlying data are so lacking in probative force and reliability that no reasonable expert could base an opinion on them.  Because Dr. Mechanick is entitled to base his opinion on a particular version of disputed facts in this case and he will be available for cross-examination by Plaintiff's counsel at trial, the Motion in Limine must be denied.

      An appropriate Order follows.