IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRENDON BONDACH,[1] | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | NO. 10-2032 |
| | : | |
| JOSHUA T. FAUST, JORGE A. GONZALEZ, WILLIAM M. HEIM, CITY OF READING and JOHN DOES, 1-10, | : | |
| Defendants. | : | |

Henry S. Perkin, M.J.  September 7th, 2011

**MEMORANDUM**

Plaintiff/Counterclaim Defendant Brendon Bondach ("Mr. Bondach") alleges that Defendant Reading Police Officers Joshua T. Faust ("Officer Faust") and Jorge A. Gonzalez ("Officer Gonzalez") used excessive force against him when they arrested him on November 27, 2008. See Compl. (Doc. No. 1). Presently before the Court is Officer Faust's Motion for Partial Summary Judgment on his counterclaim for assault and battery and statement of material facts, Mr. Bondach's Response in Opposition to the Partial Summary Judgment Motion and Cross Motion for Summary Judgment as to Officer Faust's Counterclaim. For the reasons that follow, Officer Faust's Motion for Partial Summary Judgment on the counterclaim for assault and battery will be granted and Mr. Bondach's untimely cross-motion for summary judgment will be denied.

**I.   BACKGROUND.**

On November 27, 2008, Reading Police Officers Faust and Gonzalez were

---

[1] Officer Faust's counsel notes that Plaintiff/Counterclaim Defendant's legal name is Michael Brendan Bondoch, not Brendon Bondach. Mot. Partial Summ. J., p. 1. The Court anticipates that Plaintiff's counsel will move to amend the caption of the Complaint. Until that amendment, we will utilize the Plaintiff's misspelling.

dispatched for a reported domestic dispute, in which the 911 caller reported that his daughter was intoxicated and was fighting with Mr. Bondach, her boyfriend, at Mr. Bondach's residence.[2] During Mr. Bondach's encounter with Officers Faust and Gonzalez and other Reading Police Officers at Mr. Bondach's residence, a struggle ensued.[3] As a result of the struggle, Officer Faust suffered physical injuries, including cuts to his forehead and right thumb, for which he received treatment at St. Joseph Hospital in Reading, Pennsylvania.[4]

As a result of the encounter at Mr. Bondach's home, Mr. Bondach was arrested and charged with aggravated assault, resisting arrest, harassment and simple assault.[5] Mr. Bondach reached a plea agreement with the Berks County District Attorney's Office, wherein he agreed to plead guilty to simple assault upon Officer Faust in exchange for dismissal of the three other charges against him.[6] By pleading guilty to simple assault upon Officer Faust, Mr. Bondach admitted that he: "intentionally, knowingly or recklessly cause[d] bodily injury to [Officer Faust], by causing [a] large cut on [Officer Faust's] forehead and [a] cut on [his] right thumb, in violation of section 2701(a)(1) of the PA Crimes Code."[7]

---

[2] See Compl. at ¶¶ 12-33; Mot., Ex. A, CAD Op. Rpt. for 1 call no. 2008-69813 ("CAD Report") at Bondach RPD 0024; Mot., Ex. B, Reading Police Dept. Summ. Incident Rpt. for Incident No. 69813 ("Reading Police Report") at Bondach RPD 0029, 0031; Mot., Ex. C, Police Crim. Compl. & Aff. of Probable Cause in Commonwealth v. Michael B. Bondach ("Criminal Complaint") at Bondach RPD 0039.

[3] See Compl. at ¶ 33; Mot., Ex. B, Reading Police Rpt. at Bondach RPD 0030-0032; Mot., Ex. C, Crim. Compl. at Bondach RPD 0039.

[4] See Mot., Ex. B, Reading Police Rpt. at Bondach RPD 0032; Mot., Ex. C, Crim. Compl. at Bondach RPD 0037; Mot., Ex. D, St. Joseph Med. Record at Bondach RPD 0104-0105; Mot., Ex. E, Faust Dep. Tr., pp. 43-44.

[5] See Resp., Ex. C; Crim. Compl. at Bondach RPD 0035-0039.

[6] See Mot., Ex. F, Bondach Dep. Tr. at p. 75; Ans. to Countercl. (Doc. No. 13) at ¶ 13.

[7] See Mot., Ex. C; Crim. Compl. at Bondach RPD 0037; Doc. No. 13, Pl./Countercl. Def.'s Ans. to Countercl. at ¶ 13; Mot., Ex. F, Bondach Dep. Tr. at p. 75.

## II. PROCEDURAL HISTORY.

On May 4, 2010, Mr. Bondach filed a Complaint against Officers Faust and Gonzalez, alleging claims of excessive force, false arrest, false imprisonment, malicious prosecution, due process violations under the Fourteenth Amendment, and a derivative Monell claim against the City of Reading and Chief of Police William Heim.  See Compl. (Doc. No. 1). By Stipulation approved by the Court entered on June 11, 2010, Mr. Bondach voluntarily dismissed his false arrest, false imprisonment, malicious prosecution, Fourteenth Amendment, and *Monell* claims.  See Stip. Vol. Dismissal (Doc. No. 11).  The remaining claim is excessive force against the Defendant Officers.

On July 16, 2010, Defendants filed an Answer and Affirmative Defenses to Plaintiff's Complaint, and Officer Faust filed a Counterclaim against Plaintiff for assault and battery under Pennsylvania state law based upon Mr. Bondach's guilty plea.[8]  See Doc. No. 14. Discovery closed on July 8, 2011, and the matter is ripe for summary judgment.  See Am. R. 16 Sched. Order (Doc. No. 35).  Defendants admit that disputed issues of material fact regarding the level of Mr. Bondach's resistance and the amount of force used against him preclude summary judgment on his excessive force claim, and therefore Defendants are not moving for summary judgment of that claim.

On July 15, 2011, Officer Faust filed the instant Motion for Partial Summary Judgment of his assault and battery counterclaim.[9]  The facts pertaining to Officer Faust's

---

[8] See Doc. No. 15, Ans. & Affirm. Defenses of Defs. & Countercl. of Faust.

[9] Officer Faust simultaneously filed a Brief in Support of the Motion on July 15, 2011.  See Doc. No. 42.

counterclaim against Mr. Bondach are undisputed, specifically: (1) Officer Faust sustained physical injuries during his struggle with Mr. Bondach, for which Officer Faust received medical treatment; and (2) Mr. Bondach admitted under oath that he committed an assault and battery upon Officer Faust.[10]  Mr. Bondach's Response to the Motion was due on August 5, 2011.  On August 5, 2011, Mr. Bondach's counsel sent a stipulation extending the response time to August 22, 2011.  The stipulation was received in Chambers on August 16, 2011 and was granted and docketed that day.  A second stipulation extending the response time to August 29, 2011 was subsequently received, granted and docketed.  Mr. Bondach's response and Cross-Motion for Summary Judgment were filed on August 29, 2011, along with a Motion in Limine seeking to preclude evidence of Mr. Bondach's arrest, charges and guilty plea.  The Motion in Limine will be disposed of in a separate Order from this Memorandum and Order on the Motions for Summary Judgment.  Although no response has been filed to Mr. Bondach's Cross-Motion for Summary Judgment, the Court has examined the merits of that Motion and determined that it can be denied as set forth below.

### III.   STANDARD OF REVIEW.

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v.

---

[10]  See Mot., Ex. B3, Reading Police Rept. at Bondach RPD 0032; Mot., Ex. C, Crim. Compl. at Bondach RPD 0037; Mot., Ex. D, St. Joseph Medical Record at Bondach RPD 0104-0105; Mot., Ex. E, Faust Dep. Tr. pp. 43-44; Mot., Ex. F, Bondach Dep. Tr. p. 75; Ans. to Countercl. (Doc. No. 13) at ¶ 13.

Liberty Lobby, Inc., 477 U.S. 242, 251-252 (1986).  The moving party has the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party.  Anderson, 477 U.S. at 249.  A factual dispute is material only if it might affect the outcome of the suit under governing law.  Id. at 248.

        The adverse party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions.  Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989)(citing Celotex, 477 U.S. at 325).  To establish "that a fact cannot be or is genuinely disputed," a party must:

> (A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) show[ ] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  The "existence of disputed issues of material fact should be ascertained by resolving all inferences, doubts and issues of credibility against" the movant.  Ely v. Hall's Motor Transit Co., 590 F.2d 62, 66 (3d Cir. 1978) (citations and quotations omitted).  However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment."  Scott v. Harris, 127 S. Ct.

...

1769, 1776 (2007).

IV.     **DISCUSSION.**

    A.     **Officer Faust's Counterclaim for Assault and Battery.**

Officer Faust moves for summary judgment on his asserted counterclaim against Mr. Bondach based on the Pennsylvania state tort law claim of assault and battery. Under Pennsylvania law, an assault occurs when: 1) one acts with the unprivileged intent to put another in reasonable and immediate apprehension of harmful or offensive conduct; and 2) that act does cause such apprehension. Proudfoot v. C.O. I A. Williams, et al., 803 F. Supp. 1048, 1054 (E.D. Pa. 1992) (citation omitted). A battery is the actual bodily contact. Renk v. City of Pittsburgh, 641 A.2d 289, 293 (Pa. 1994). A bodily contact is offensive if it would offend a reasonable person's personal sense of dignity. Id.

Officer Faust's counterclaim is predicated on the criminal acts giving rise to Mr. Bondach's guilty plea to simple assault. The definition of simple assault, a misdemeanor of the second degree, is set forth in 18 Pa.C.S.A. § 2701(a)(1) as follows:

    (a) Offense defined.--A person is guilty of assault if he:

    (1) attempts to cause or intentionally, knowingly or recklessly
    causes bodily injury to another;

See 18 Pa.C.S.A. § 2701(a)(1). By pleading guilty to simple assault, Mr. Bondach admitted under oath that he: "intentionally, knowingly or recklessly cause[d] bodily injury to [Officer Faust], by causing [a] large cut on forehead and cut on right thumb, in violation of section 2701(a)(1) of the PA Crimes Code." Mot., Ex. C, Crim. Compl. at Bondach RPD 0037.

Mr. Bondach, in response to Officer Faust's motion, contends that Officer Faust

has not produced evidence "as to whether Bondach plead guilty to having injured Faust (as Faust vacantly maintains), or, instead, having <u>attempted</u> to injure (or even <u>attempted</u> to *scare*) Faust. Simply, Faust has failed to prove its motion via record facts." Resp. & Cross-Mot., p. 7. Mr. Bondach further argues that "Faust is unable to prove causation via the St. Joseph Work Care Program's 'quick report' - it is not an expert report upon which to provide a foundation for prospective trial testimony." <u>Id.</u> (citing <u>Estate of Aptekman ex rel. Silverman v. City of Phila.</u>, 127 F. App'x. 619 (3d Cir. 2005) and FED. R. CIV. P. 26(a)(2)).

Despite Mr. Bondach's argument, this is not a case where Officer Faust needs to produce evidence as to whether Mr. Bondach pled guilty to injuring Officer Faust or attempting to injure Officer Faust since one of the elements of the crime is also "recklessly caus[ing] bodily injury to another." 18 Pa.C.S.A. § 2701(a)(1). Moreover, Officer Faust does not have to produce an expert report or prove causation because there is an "obvious causal connection" between the alleged act and his injuries. See <u>Texter v. Merlina</u>, No. CIV.A. 1:04-CV-0173, 2008 WL 545032 (M.D. Pa. Feb. 26, 2008)(citing <u>Niklaus v. Vivadent, Inc., U.S.A.</u>, 767 F. Supp. 94 (M.D. Pa. 1991)("An obvious causal relationship exists when the injury is either 'an immediate and direct' or the 'natural and probable' result of the complained of act. The injury and the act must be so closely connected that a lay person could diagnose the causal connection.") Here, there is an obvious causal connection between Officer Faust's placing Mr. Bondach under arrest and Officer Faust's injuries. Mr. Bondach's objections on the basis of causation pursuant to <u>Estate of Aptekman</u> are misplaced, as that case involved a corporate negligence claim against a nursing home and claims for negligence, wrongful death and survival and that court cited cases holding that expert testimony as to the cause of death is usually necessary to prove causation. 127 F.

App'x.  at 622.

Because Mr. Bondach's guilt has been established beyond a reasonable doubt through entry of his guilty plea and sentence, his liability for Officer Faust's counterclaim for assault and battery is established for purposes of these proceedings.  Gibson v. Borough of West Chester, No. CIV.A.02-9089, 2004 WL 203175, * 8 (E.D. Pa. Jan. 12, 2004)(summary judgment granted on compulsory counterclaim for assault and battery where jury found defendant guilty of aggravated assault on police officer for injuries during arrest).

      B.      **Mr. Bondach's Cross-Motion for Summary Judgment.**

Mr. Bondach contends that this Court should bifurcate and dismiss the counterclaim for lack of subject matter jurisdiction.  Mr. Bondach contends that this Court does not have jurisdiction over Officer Faust's counterclaim because the counterclaim is a state law claim and is not compulsory.  In support of his contention that the instant counterclaim is permissive and not compulsory, Mr. Bondach cites cases involving Fair Debt Collection Practices Act actions in which courts have held that counterclaims for the underlying debt are permissive,  not compulsory.

"Compulsory" counterclaims are claims that "arise[ ] out of the transaction or occurrence that is the subject matter of the opposing party's claim." FED. R. CIV. P. 13(a).  The Third Circuit advises that "[f]or a claim to qualify as a compulsory counterclaim, there need not be precise identity of issues and facts between the claim and the counterclaim; rather, the relevant inquiry is whether the counterclaim 'bears a logical relationship to an opposing party's claim.' " Vukich v. Nationwide Mut. Ins. Co., 68 F. App'x. 317, 319, 2003 WL 21356961, *2 (3d Cir. 2003)(citing Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc., 292 F.3d

384, 389 (3d Cir.2002) (quoting Xerox Corp. v. SCM Corp., 576 F.2d 1057, 1059 (3d Cir. 1978))). The Third Circuit has found that "a counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts." Id.(citing Great Lakes Rubber Corp. v. Herbert Cooper Co., 286 F.2d 631, 634 (3d Cir.1961)). If a defendant fails to bring a compulsory counterclaim, he is barred from asserting that claim in a future proceeding. FED. R. CIV. P. 13(a).

Officer Faust's claim for assault and battery arise out of and bear a logical relationship to Mr. Bondach's arrest, which is the subject matter of Mr. Bondach's § 1983 excessive force claim. Officer Faust's counterclaim is compulsory and not permissive. Thus, Mr. Bondach's alternative argument that this Court should bifurcate the counterclaim from the case in chief also fails. See FED. R. CIV. P. 42(b).

**V.      CONCLUSION.**

Officer Faust's Motion for Partial Summary Judgment on his counterclaim for assault and battery will be granted with prejudice and Mr. Bondach's Cross-Motion for Summary Judgment will be denied. At trial, the remaining issue regarding the counterclaim is the appropriate measure of Officer Faust's damages.

An appropriate Order follows.